UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TALIA CHURCHWELL,

       Plaintiff,                                            Hon. Robert J. Jonker

v.                                                                 Case No. 1:23-cv-971

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 43 years of age on her alleged disability onset date. (PageID.47). Plaintiff successfully completed high school and worked previously as a certified medication technician. (*Id.*). Plaintiff applied for benefits on June 2, 2021, alleging that she had been disabled since February 23, 2021, due to bulging discs, arthritis, bursitis, bipolar disorder, fibromyalgia, anxiety, insomnia, migraine headaches, seizures, and carpal tunnel syndrome. (PageID.34, 270).

Plaintiff's applications were denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). Following an administrative hearing, ALJ Kevin Himebaugh, in an opinion dated December 20, 2022, determined that Plaintiff did not qualify for disability benefits. (PageID.34-85). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. ¶¶ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. ¶¶ 404.1520(a), 416.920(a). The regulations also provide that, if a claimant suffers from a non-exertional impairment as well as an

exertional impairment, both are considered in determining his residual functional capacity.  *See* 20 C.F.R. ¶¶ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate she is entitled to disability benefits and she satisfies her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.  *See* 42 U.S.C. ¶ 423(d)(2)(A).  While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined.  *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from obesity, degenerative disc disease of the lumbar spine, bilateral trochanteric bursitis, seizure disorder, migraines, bipolar disorder, and adjustment disorder with mixed anxiety and depressed mood, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  (PageID.37-41).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work subject to the following limitations: (1) she can occasionally climb ramps and stairs but can never climb

ladders or scaffolds; (2) she can frequently balance and occasionally stoop, kneel, crouch, and crawl; (3) she cannot have concentrated exposure to vibration or extreme cold; (4) she cannot perform work at unprotected heights or around moving machinery; (5) she cannot drive commercially; (6) she can have frequent interaction with supervisors and occasional interaction with co-workers and the public; and (7) she can concentrate, persist, and maintain pace to perform simple, routine tasks and make simple work-related decisions. (PageID.41).

The ALJ found that Plaintiff could not perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, her limitations notwithstanding. *O'Neal*, 799 Fed. Appx. at 316. In satisfying this burden, the ALJ may rely on a vocational expert's testimony. *Ibid*. In this case, a vocational expert testified that there existed approximately 82,000 jobs in the national economy which an individual with Plaintiff's RFC could perform. (PageID.48, 79-82). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I. The ALJ Applied the Proper Standard

In 2012, Plaintiff was awarded SSI benefits. (PageID.399). Plaintiff's SSI benefits were subsequently terminated after she married and "became financially

-5-

ineligible for SSI benefits." (PageID.400). Plaintiff then returned to work but later divorced her husband after which she submitted the disability applications presently at issue. (*Id.*). Plaintiff argues that she is entitled to relief because the ALJ below failed to apply the appropriate standard. Specifically, Plaintiff argues that the ALJ was obligated to apply the more favorable medical improvement standard to her claims rather than the standard identified above. The Court disagrees.

Once awarded disability benefits, a claimant does not enjoy a presumption of continuing disability. *See Valencia v. Commissioner of Social Security*, 216 F.upp.3d 835, 837 (W.D. Mich. 2016). Nevertheless, once awarded, disability benefits may only be terminated, on medical grounds, if "the physical or mental impairment on the basis of which such benefits are provided has ceased, does not exist, or is not disabling." 42 U.S.C. § 423(f). To terminate disability benefits on this basis, there must exist substantial evidence that the claimant has experienced "medical improvement" such that she can perform substantial gainful activity. *See Shotts v. Commissioner of Social Security*, 2024 WL 1506482 at *2 (W.D. Mich., Apr. 8, 2024) (citations omitted).

Plaintiff argues that the ALJ below was required to find a medical improvement in her condition before denying her current applications. The flaw in Plaintiff's argument, however, is that the medical improvement standard only applies where the claimant is currently receiving disability benefits. *See, e.g., Six v. Commissioner of Social Security*, 2022 WL 4946087 at *3 (W.D. Mich., Sept. 12, 2022). As previously noted, Plaintiff's previous award of disability benefits was

terminated long before Plaintiff filed the present applications for benefits. In such a circumstance, the ALJ must apply the familiar five-step standard articulated above. Accordingly, this argument is rejected.

## II.    Plaintiff's Remaining Arguments

In her Statement of Errors, Plaintiff identifies her second claim as "[t]he ALJ violated 20 C.F.R. § 404.1520c during the evaluation of the evidence because he failed to properly consider the mandatory factors of supportability and consistency." (ECF No. 14, PageID.799). This is a clear reference to the standard that applies when evaluating the opinions offered by medical providers. *See* 20 C.F.R. § 404.1520c. In the argument portion of her brief, however, Plaintiff has failed to identify any opinion by a medical provider which the ALJ allegedly failed to properly assess. (ECF No. 14, PageID.799-802). Accordingly, to the extent Plaintiff argues that the ALJ failed to properly assess any opinion offered by a medical provider, such is rejected.

In the argument portion of her brief, Plaintiff actually argues that the ALJ failed to properly assess her administrative hearing testimony. Specifically, Plaintiff argues that the ALJ improperly relied on "a pernicious bit of boilerplate" language rather than articulating an evidence-specific rationale for discounting her testimony. In the portion of his opinion in which he assesses Plaintiff's statements, the ALJ states:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these

symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(PageID.43).

This is the "pernicious" boilerplate language to which Plaintiff refers. Had the ALJ terminated his analysis at this juncture, Plaintiff's argument would have some merit. Immediately following the quoted language, however, the ALJ specifically discussed the medical evidence and why such supported his decision to discount Plaintiff's testimony. (PageID.44). Thus, Plaintiff is mistaken when she argues that the ALJ's assessment of her testimony rests upon "pernicious boilerplate" language. Moreover, with respect to the ALJ's actual analysis, Plaintiff has identified no error. Accordingly, this argument is rejected.

## CONCLUSION

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within such time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

                                Respectfully submitted,

Date: July 31, 2024                         /s/ Phillip J. Green
                                           PHILLIP J. GREEN
                                           United States Magistrate Judge